UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY J. DUWENHOEGGER, SR.,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>Respondent. | Civil No. 09-2874 (PJS/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.   BACKGROUND**

In April 1999, Petitioner was convicted in the state district court for Nicollet County, Minnesota, on two counts of conspiracy to commit first degree murder. He was sentenced to 370 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. (Petition, [Docket No. 1], p. 1.)

Petitioner challenged his conviction on direct appeal, raising several claims for relief, including erroneous admission of evidence, double jeopardy, unfair sentence, and ineffective assistance of counsel. The Minnesota Court of Appeals rejected all of

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner's arguments, and affirmed his conviction and sentence. State v. Duwenhoegger, No. C5-99-1237 (Minn.App. 2000), 2000 WL 821483 (unpublished opinion). However, the Court of Appeals expressly noted that Petitioner's claim of ineffective assistance of counsel could not properly be addressed on the merits, because the record pertaining to that claim was incomplete. Thus, the Court held that Petitioner's "right to pursue a claim of ineffective assistance of counsel in a petition for postconviction relief is preserved." Id. at *5. On September 13, 2000, the Minnesota Supreme Court denied Petitioner's request for further review of his direct appeal. (Petitioner's "Chronology of Case," [Docket No. 17], p. 1.[2])

As mentioned, on the direct appeal, the Minnesota Court of Appeals expressly informed Petitioner that he would retain the opportunity to seek further review of his ineffective assistance of counsel claims by filing a post-conviction motion in the trial court. However, Petitioner did not actually file a post-conviction motion until October 15, 2003, (id.), which was more than three years after his conviction was affirmed on direct appeal.[3]

---

[2] This Court reviewed Petitioner's habeas corpus petition immediately after it was filed, and noted that he was attempting to challenge a conviction that was more than ten years old. Because of the vintage of Petitioner's conviction, the Court ordered him to file a supplemental submission showing a complete chronology of his prior state court proceedings, and explaining why this action should not be time-barred under the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). (See Order dated October 20, 2009; [Docket No. 4].) Petitioner finally filed his "Chronology of Case," (Docket No. 17), on January 13, 2010. The Court's recitation of the history of this case tracks the information provided by that document.

[3] Sometime after Petitioner was convicted, and before he filed his post-conviction motion, the County Attorney for Nicollet County, Minnesota, initiated a civil forfeiture action pursuant to Minn.Stat. § 609.5312, subd. 1. In that action, the County tried to seize a Jeep station wagon owned by Petitioner, which he had allegedly used to facilitate the commission of his crimes. The state trial court granted the County's forfeiture request, and the Minnesota Court of Appeals affirmed that ruling. Riley v. 1987 Station Wagon, 634 N.W. 2d 434 (Minn.App. 2001). However, the Minnesota Supreme Court reversed that ruling in a decision dated August 29, 2002, (more than a year before Petitioner filed his post-conviction motion). Riley v. 1987 Station Wagon, 650 N.W.2d 441 (Minn. 2002). The Supreme Court determined that Petitioner's vehicle could not be seized under Minnesota's

The trial court denied Petitioner's post-conviction motion on April 26, 2004, and Petitioner filed an appeal from that ruling in May 2004. (Id.) The Minnesota Court of Appeals dismissed Petitioner's post-conviction appeal in January 2005. (Id.) According to Petitioner, the Minnesota Supreme Court denied his application for further review of his post-conviction claims on March 21, 2005. (Id.)[4]

On July 9, 2007, Petitioner filed a "Motion to Correct Sentence" in the trial court, claiming that his sentence should be reduced "since there was only one conspiracy." (Id.)[5] The trial court denied Petitioner's motion on July 24, 2007, (id.) and Petitioner then filed another appeal. On August 5, 2008, the Minnesota Court of Appeals affirmed the trial court's ruling. Duwenhoegger v. State, No. A07-1484 (Minn.App. 2008), 2008 WL 2966852 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review of that matter on October 21, 2008. (Id.)

Petitioner's current habeas corpus petition was filed on October 15, 2009. This petition lists five grounds for relief, which Petitioner has identified as follows:

(1) "Conviction obtained by violation of the law & MN statutes citing criteria mandated for commission of the crime."

---

forfeiture law, because it "was not directly involved in the commission of the designated offense." Id. at 445.

[4] The Court is unable to independently verify that Petitioner actually asked the Minnesota Supreme Court to review his post-conviction claims. However, for present purposes, the Court accepts Petitioner's representation that he did file a petition for further review, and it was denied on March 21, 2005.

[5] Petitioner's "only one conspiracy" argument purportedly was based on the Minnesota Supreme Court's 2002 decision in the civil forfeiture action brought against his property. See n. 3, supra.

3

(2) "Conviction obtained by a violation of the protection against double jeopardy."

(3) "Conviction obtained by entrapment."

(4) "Conviction obtained by denial of effective assistance of trial counsel."

(5) "Conviction obtained by perjurous testimony of the state's witness."

(Petition, pp. 4-6.)

However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period,[6] nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on September 13, 2000. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1.

---

[6] Petitioner's "Chronology of Case," (Docket No. 17), includes an oblique reference to "complications of being transferred out of the State of MN due to witnessing a murder here at the STW correctional facility," (i.e., the Minnesota Correctional Facility at Stillwater). (Id., p. 2.) However, Petitioner has not shown when he was transferred out of state, how long he was out of the state, or – most importantly – why his out-of-state prison transfer might be viewed as an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." Therefore, the commencement date of the federal habeas statute of limitations cannot be affected by § 2244(d)(1)(B).

Therefore, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on December 12, 2000 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal. The statute of limitations expired one year later, on December 12, 2001. Because Petitioner did not file his current petition until October of 2009, which was nearly eight years after the statute of limitations deadline, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his first post-conviction motion in the trial court. The statute of limitations expired on December 12, 2001, and Petitioner did not file his first state post-conviction motion until October 15, 2003 – nearly two years after the federal habeas limitations period had expired. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner's 2003 post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-

conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his 2003 state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his first state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, in December 2001, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in October 2003.[7]

---

[7] Petitioner seems to believe that the statute of limitations may have been tolled while Nicollet County was pursuing its forfeiture action against his motor vehicle. See n. 3, supra. However, that is clearly not so. Section 2244(d)(2) tolls the statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." An independent civil forfeiture action initiated by a county against a piece of personal property cannot be viewed as a prisoner's application for "post-conviction or other collateral review," for purposes of § 2244(d)(2). Furthermore, as the Court explains in the text below, this action would be time-barred even if the statute of limitations did not begin to run until Petitioner's post-conviction proceedings were fully completed. The first post-conviction proceedings were completed in March 2005, which was long after the civil forfeiture action was dismissed by the Minnesota Supreme Court in August 2002. Therefore, even if the statute of limitations had been tolled while the civil forfeiture action was pending, and continued to be tolled for another two-and-a-half years thereafter while the first post-conviction proceedings were pending, the current petition still would be time-barred.

Even if the statute of limitations did not begin to run in this case until Petitioner's initial post-conviction proceedings were fully completed in March 2005, this case still would be time-barred. If the statute had begun to run at that time, i.e., in March 2005, then the one-year limitations period would have expired in March 2006, which was long before Petitioner filed his current petition.

Moreover, even if the statute of limitations deadline were extended to March 2006, (one year after Petitioner's initial post-conviction proceedings were completed), Petitioner's subsequent "Motion to Correct Sentence" could have not have saved the present petition from being time-barred, because that motion was not filed until July 9, 2007. Stated otherwise, even if the statute of limitations did not expire until March 2006, a post-conviction motion filed in July 2007 was too late to have any meaningful tolling effect. Thus, even if Petitioner's first post-conviction proceedings did not merely toll the statute, but instead "reset the clock" and gave him a brand new one-year limitations period, the present petition still would be untimely.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v.

8

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.[8] It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on December 12, 2001. However, Petitioner did not file his current petition until October 2009 – almost eight years after the statute of limitations deadline.

Petitioner's 2003 state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal

---

[8] Petitioner's "Chronology of Case," (Docket No. 17), vaguely suggests that Petitioner was unable to exhaust his state court remedies for his current habeas claims until after the Minnesota Supreme Court dismissed the civil forfeiture action against his personal property. (See n. 3, supra.) However, nothing in Petitioner's "Chronology of Case" submission could support equitable tolling. The state courts' adjudication of the civil forfeiture proceedings has no direct bearing on Petitioner's current habeas claims, and in any event, even if the statute had been tolled until the civil forfeiture proceedings were completed, this action still would be time-barred. (See n. 7, and discussion at p. 8, supra.)

9

limitations period expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until October 2003, which was nearly two years after the federal statute of limitations had already expired. Moreover, even if the first post-conviction motion had "re-set the clock," giving Petitioner a fresh one-year limitation period when his initial post-conviction proceedings were completed, this action still would be time-barred, because Petitioner did not file his habeas petition, (or any other state or federal applications for relief), until more than a year after his post-conviction proceedings were fully completed. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed pursuant to the applicable one-year statute of limitations, the Court will further recommend that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: March 11, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 25, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.